FILED
JAMES J. WALDRON, CLERK
May 19 , 2015

U.S. BANKRUPTCY COURT
NEWARK, NJ

By: /s/Juan Filgueiras
           Deputy

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>THEODORE BOHN,<br><br>                Debtor. | Case No.:    13-35854 (RG)<br><br>Chapter 7 |
| STEINHARDT MANAGEMENT, INC.,<br><br>                Plaintiff,<br>v.<br><br>THEODORE BOHN,<br><br>                Debtor. | Adv. Pro. No. 14-1241 (RG) |

# O P I N I O N

**APPEARANCES**

**JAROSLAWICZ & JAROS LLC**
Robert J. Tolchin, Esq.
225 Broadway, 24th Floor
New York, NY 10007
Counsel to Plaintiff,
Steinhardt Management, Inc.

**MARIANNE F. AURIEMMA, ESQ.**
521 Lincoln Avenue
Maywood, NJ 07601
Counsel to Defendant
Theodore Bohn

**HONORABLE VINCENT F. PAPALIA, Bankruptcy Judge**

**<u>INTRODUCTION</u>**

This matter comes before the court on the motion of Debtor-defendant Theodore R. Bohn, Esq. (the "Debtor"), to dismiss the four-count adversary Complaint (the "Complaint") filed by Plaintiff Steinhardt Management, Inc. ("Steinhardt"). The Complaint seeks to except from discharge under 11 U.S.C. § 523(a)(2)(A) or (a)(6) counsel fees of $34,400 (the "Debt") awarded to Steinhardt and against Debtor for frivolous litigation. The award was made by a special master appointed by the Supreme Court of the State of New York after a determination by its Appellate Division that a prior action commenced by the Debtor against Steinhardt was "without merit and apparently undertaken to harass defendants . . . " which included Steinhardt.

Debtor seeks to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and under Fed. R. Civ. P. 9(b) for failure to plead fraud with particularity. Debtor's counsel certifies that her client does not object to this Court's liquidating the Debt in the amount requested by Steinhardt, but objects to its being excepted from discharge [Dkt. 4-2, Auriemma Cert., ¶ 3].[1] By electronic mail notification to chambers on April 27, 2015, both parties waived oral argument and confirmed that they consent to the Court's deciding this matter on the papers.

For the reasons set forth below, the Court dismisses with prejudice Count 1 of the Complaint (seeking to except the Debt from discharge under 11 U.S.C. § 523(a)(2)) and denies Debtor's motion to dismiss the Complaint as to Count 2 (seeking to except the Debt from discharge under 11 U.S.C. § 523(a)(6)). Since Debtor's moving papers essentially concede the

---

[1] In support of his motion Bohn filed an affidavit with exhibits, Dkt. 4-1; a certification of his counsel, Marianne Auriemma, Esq., Dkt. 4-2, and a brief, Dkt. 8. Steinhardt filed in opposition a certification of counsel, David Tolchin, Esq. [Dkt. 13]; this certification includes legal argument. Debtor filed a reply brief [Dkt. 14].

validity of Count 3 (liquidating damages of $34,400) and Count 4 (misnumbered "5") (entering judgment in favor of Plaintiff for $34,400), the motion is denied as to those Counts as well. The Debtor is ordered to file an answer within fourteen (14) days of entry of the Order filed contemporaneously with this Opinion. Additionally, the parties are to submit a Joint Scheduling Order within twenty-one (21) days of entry of the Order accompanying this Opinion.

**JURISDICTIONAL STATEMENT**

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Orders of Reference entered by the United States District Court on July 10, 1984 and amended on October 17, 2013. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (I) and (O). Venue is proper in this Court under 28 U.S.C. § 1408. The Court issues the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

**FACTS AND PROCEDURAL HISTORY**

    A.  **The 1999 Administrative Action**

Debtor is an attorney admitted to practice in New York and in New Jersey. According to the certification if its counsel, Steinhardt is a "Wall Street hedge fund financial management group." [Dkt. 13, Tolchin Cert., ¶ 14]. Debtor's dispute with Steinhardt arose in the wake of an administrative action which the Debtor commenced in 1999 to address habitability issues at the New York City cooperative apartment, which he once occupied as a residence and an office. [Dkt. 4-1, Debtor Cert., ¶ 11]. Debtor complained of odors emitted from a restaurant, Barney Greengrass, Inc., which was one of two commercial tenants occupying the first floor of the building [Dkt. 13, Tolchin Cert., ¶¶ 3-4, 9]. The target of that complaint was the building owner, 176 West 87th Street Owners Corp. (the "Owner"). [Dkt. 13, Tolchin Cert., ¶ 2]. On June 1, 2000, Debtor won his hearing before an administrative law judge of the New York City

Environmental Control Board. [Dkt. 13, Tolchin Cert., ¶ 4-6]. Debtor sold the apartment in 2003. [Dkt. 13, Tolchin Cert., ¶¶ 2, 7].

### B. The 2003 New York Supreme Court Action

In 2003, Debtor sued the Owner and its managing agent in New York Supreme Court. Those defendants impleaded the second commercial tenant, 176 West 87th Street Equities Group, which assigned its lease to individual co-tenants Rudd, Rudd and Klein, who then filed a third-party action against their subtenant, restaurant Barney Greengrass, Inc. (the "2003 Action"). [Dkt. 13, Tolchin Cert., ¶¶ 7-9] and Exhibit 1 (the "2003 Complaint"). The 2003 Action was transferred to the lower county civil court in 2005, and in 2007 the third-party complaint by Rudd, Rudd and Klein against the restaurant was amended and limited to contractual indemnity only. [Dkt. 13, ¶ 8-9].

Mr. Tolchin certifies that his firm, Jaroslawicz & Jaros LLC, represented the restaurant in the 2003 Action and filed a separate declaratory judgment action in New York Supreme Court against the restaurant's insurance carrier, Lumbermens Mutual Casualty Company, which ultimately took over representation of Barney Greengrass, Inc. [Dkt. 13, Tolchin Cert., ¶¶ 11-13].[2] Though not specifically addressed by the parties, it appears that the remaining portions of the 2003 Action, as well as the 2011 Action (defined below), were resolved by a settlement with the Trustee in this case. [Dkt. 34 in main case].

### C. The 2011 New York Supreme Court Action

On July 21, 2011, Debtor filed a three-count complaint against Steinhardt and eighteen other defendants in New York Supreme Court for "tort," common law fraud and violation of N.Y. Judiciary Law § 487 (a rule of attorney professional conduct) (the "2011 Action"). [Dkt.

---

[2] Lumbermans removed the declaratory action to district court, lost a motion to dismiss and lost its appeal of that dismissal in the 2nd Circuit.

13, Tolchin Cert., ¶ 13 and Exhibit 2 (the "2011 Complaint")]. The 2011 Action was based in large part in the prior proceedings described above, which had been commenced in 1999 and 2003.

Debtor certifies in the instant motion that he filed the 2011 Action only to obtain "discovery related to the unlawful machinations in which the parties engaged while I was a shareholder at my coop. *The Complaint was filed for no other reason*." [Dkt. 4-1, Debtor Cert., ¶ 17] (emphasis added). In his Affidavit, Debtor further details his claims in the 2011 Action by stating that, during the June 1, 2000 administrative law hearing, a party submitted to the court a letter which indicated (1) that Steinhardt was the managing agent of the Owner; and (2) that Steinhardt had "authorized" the restaurant to defend the administrative action in lieu of the owner. [Dkt. 4-1, ¶ 23]. Debtor claims that this letter disappeared from the administrative law file and that only independent research by him disclosed a relationship between Steinhardt and the Owner or between Steinhardt and the defense of the restaurant in 2000. [Dkt. 4-1, ¶ 25, 30].

By Order entered on April 18, 2012 in the 2011 Action, the New York Supreme Court denied Steinhardt's motion to dismiss the complaint; denied Steinhardt's motion for sanctions for frivolous litigation; and denied as "baseless" Debtor's cross-motion to disqualify Steinhardt's counsel (the J & J firm). [Dkt. 1, Adversary Complaint, Exhibit 1, April 18, 2012 Order].

### D. The Appellate Division Decision

The Appellate Division, by Order entered on May 23, 2013 (corrected on June 26, 2013), unanimously reversed the lower court decision against Steinhardt, dismissed the 2011 Action against Steinhardt and remanded only for a determination of counsel fees in favor of Steinhardt and against Debtor for frivolous litigation. [Dkt. 1, Exhibit 2, June 26, 2013 Appellate Division decision, p.1] (the "App. Div. decision"). The Appellate Division determined in relevant part that:

5

1. the Debtor's *prima facie* tort claim "fail[ed] to allege that defendants, or any of them, acted solely to injure plaintiff";
2. the tort claim "fail[ed] to allege special damages that are specific and measurable";
3. the Debtor failed to plead fraud with particularity;
4. the Debtor failed to identify the false representations on which he relied, did not explain how he relied on them, indicated that the allegedly false representations were not all made to him. The Appellate Division found that the representations could not have harmed the Debtor *after* the 1999 administrative action which Debtor won in June 2000;
5. the tort and fraud claims were time barred; and
6. the § 487 action was inapplicable to Steinhardt, a non-attorney.

[Dkt. 1, Exhibit 2, June 26, 2013 App. Div. decision, p.2] (Debtor conceded the sixth point).

Significantly, for purposes of this motion, the Appellate Division further held that:

> *We find that the complaint [the 2011 Action] is without merit and apparently was undertaken to harass defendants* . . . . Accordingly, an award of attorneys' fees to Steinhardt is appropriate, and we remand the matter for a determination of the amount of fees incurred.

[Dkt. 1, Exhibit 2, June 26, 2013 App. Div. decision, pp. 2-3)] (emphasis supplied; internal citation omitted). By Order entered on September 24, 2013, the New York Supreme Court directed a special referee to determine the attorney fees. [Dkt. 1, Exhibit 4]. At proceedings held on November 26, 2013, the referee recommended an award of $34,400 in fees and costs to Steinhardt from a total of $39,666.33 requested. [Dkt. 1, Exhibit 5, November 26, 2013 transcript, T7:1-8, T24:18-20]. The referee repeatedly echoed the Appellate Division finding that the 2011 Action was frivolous. [Dkt. 1, Exhibit 5, November 26, 2013 transcript, T3:14-17, 4:6-9; 7:1-15; 7:22-26; 12:11-14; 15:15-20; 16:12-16; 16:18-21; 19:8-16]. The New York Supreme Court "so-ordered" the record on November 26, 2013. [Dkt. 1, Exhibit 5, November 26, 2013 Order].

6

### E. The Debtor's 2013 Bankruptcy Filing

The Debtor filed the instant Chapter 7 petition on November 26, 2013, the same day of the fee hearing and related proceedings noted above. As a result of the filing, the New York Supreme Court stayed the 2011 Action. [Dkt. 1, Exhibit 6, December 12, 2013 Order].

Steinhardt timely filed the instant four-count adversary proceeding on February 18, 2014. [Dkt. 1]. Count One seeks to except the $34,400 counsel fee from discharge under 11 U.S.C. § 523(a)(2)(A) (debtor obtained money, property or services through false pretenses, a false representation or actual fraud). Count Two seeks to except the $34,400 counsel fee from discharge under 11 U.S.C. § 523(a)(6) (willful and malicious injury to the property or person of another). Counts Three and Four (misnumbered "Five") seek liquidation of the amount due and entry of judgment for $34,400 against Debtor and in favor of Steinhardt. [Dkt. 1]. Debtor filed this motion in lieu of answer on March 21, 2014. The parties have not entered a Joint Scheduling Order or apparently conducted any discovery. As set forth above, the Debtor does not object to entry of judgment in the amount of $34,400 on the counsel fee awarded by the New York Supreme Court, but objects to its exception from discharge. [Dkt. 4-2, Auriemma Cert., ¶ 3].

## STATEMENT OF LAW

### A. Standard for Dismissal Under Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6), incorporated into Fed. R. Bankr. P. 7012, allows a defendant to move to dismiss any action for failure to state a claim upon which relief can be granted by motion made before the responsive pleading is filed. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012. To decide a Rule 12(b)(6) motion, the Court accepts all well-pleaded allegations in the complaint as true, views them in the light most favorable to the plaintiff, and determines

whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

To survive a motion to dismiss, a complaint must contain sufficient factual matter which, if accepted as true, "state[s] a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 652, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The pleadings must raise the possibility, though not the probability, of the conduct complained of and show "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

Under these standards, the Court undertakes a two-part analysis which requires it: (1) to identify and reject labels, conclusory allegations, and formulaic recitation of the elements of a cause of action; and then (2) to draw upon its judicial experience and common sense to determine whether the factual content of a complaint plausibly gives rise to an entitlement to relief. *Iqbal*, 556 U.S. at 678-79. The Court "generally consider[s] only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" along with authenticated documents which form the basis of the claim. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir 1993). A court may also take judicial notice of a prior judicial opinion. *McTernan v. City of York, Pa.*, 577 F.3d 521, 526 (3d Cir. 2009); *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

### B. Requirements of Fed. R. Bankr. P. 7008(a) and 7009

Fed. R. Civ. P. 8(a), incorporated into Fed. R. Bankr. P. 7008(a), requires a pleading which "states a claim for relief" to contain (1) a short jurisdictional statement; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) a demand for relief. Fed. R. Civ. P. 8(a). The Rule compels the plaintiff to give the adversary "fair notice of the claim" and the capacity "to answer and to prepare for trial." *In re Norvergence*, 405 B.R. 709, 726 (Bankr. D.N.J. 2009) (internal citations omitted).

Allegations of fraud require a heightened standard of pleading:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b) (incorporated into Fed. R. Bankr. P. 7009).

The particularity requirement serves "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior" and is satisfied if the plaintiff lists the "date, place or time" of the alleged fraud or if the "[p]laintiff [uses] alternative means of injecting precision and some measure of substantiation into [the] allegations of fraud." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).

### C. The Complaint Fails to State a Claim under 11 U.S.C. § 523(a)(2)(A)

Section 523(a)(2)(A) exempts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, *to the extent it was obtained*, by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A) (emphasis supplied). The plaintiff seeking to except a debt from discharge under 11 U.S.C. § 523(a)(2)(A) must plead and prove:

1. the debtor *obtained* money, property or services through a material misrepresentation;

9

2. the debtor, at the time, knew the representation was false or made with gross recklessness as to its truth;
3. the debtor intended to deceive the creditor;
4. the creditor [justifiably] relied on the debtor's false representations; and
5. the creditor sustained a loss and damages as a proximate result of the debtor's materially false representations.

*De La Cruz v. Cohen (In re Cohen)*, 191 B.R. 599, 604 (D.N.J. 1996), *aff'd*, 106 F.3d 52 (3d Cir. 1997), *aff'd sub nom. Cohen v. de la Cruz*, 523 U.S. 213 (1998); *Field v. Mans*, 516 U.S. 59, 73-75 (1995); *In re Thomas*, 255 B.R. 648, 653 (Bankr. D.N.J. 2000). The creditor bears the burden of proving each element of the cause of action by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291 (1990); *In re Cohn*, 54 F.3d 1108, 1114 (3d Cir. 1995).

"The plain language" of 11 U.S.C. § 523(a)(2)(A):

> unambiguously requires, as a threshold matter, that something of value—specifically, money, property, services or an extension, renewal, or refinancing of credit—be transferred to the debtor from the creditor to sustain a claim under § 523(a)(2)(A). *Thus, frauds which do not involve the delivery of money, property, services or an extension, renewal, or refinancing of credit are not encompassed by this discharge exception.*

*In re Glunk*, 343 B.R. 754, 758 (Bankr. E.D. Pa. 2006) (emphasis supplied).[3] Courts consistently enforce the requirement that the debtor received something of value as a threshold matter in a §523(a)(2)(A) exception to discharge action, often using as a touchstone *Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998) ("Once it is established that specific money or property has been obtained by fraud . . . 'any debt' arising therefrom is excepted from discharge").

Several cases illustrate this principle. In *In re Glunk* the putative creditors, after the death of their daughter following surgery, filed a state court lawsuit on behalf of their daughter's estate

---

[3] The Court in *In re Glunk* later stated that the *creditor* need not be the party which transferred the thing of value, but that is not relevant to this case. *Fledderman v. Glunk*, 2009 WL 2916975, at *2, n.8 (Bankr. E.D. Pa. May 26, 2009).

against the debtor-physician for negligence, negligent infliction of emotional distress, lack of informed consent, battery, punitive and exemplary damages. *In re Glunk*, 343 B.R. at 756. The bankruptcy court found that that parents' claim did not allege that debtor had received "money, property, services or credit" by fraud and could not withstand a motion to dismiss under Rule 12(b)(6)). *In re Glunk*, 343 B.R. at 758. "There must be an actual debt for money, property, services or an extension, renewal, or refinancing of credit arising from fraudulent conduct for §523(a)(2)(A) to apply, not just the assertion that there was fraudulent conduct which caused some type of damages." *In re Glunk*, 343 B.R. at 758.

In *In re Rountree*, 330 B.R. 168, 169, 172 (E.D. Va. 2004) *aff'd*, 478 F.3d 215 (4th Cir. 2007), a state court judgment for compensatory and punitive damages for unfair trade practices was not excepted from discharge under 11 U.S.C. § 523(a)(2)(A) because the creditor's underlying claims were for emotional distress against the debtor-insurance investigator following an invasive and deceptive claim investigation. The district court in *In re Rountree*, reversing the bankruptcy court, found that the debtor had received (or "obtained") nothing of value to sustain a claim under 11 U.S.C. § 523(a)(2)(A), distinguishing *Cohen v. Cruz* (523 U.S. at 218). *In re Rountree*, 330 B.R. at 172. *And see In re Bruner*, 43 B.R. 143, 145-146 (Bankr. E.D. Mo. 1984) (a state court judgment for compensatory and punitive damages for seduction and breach of promise to marry was not excepted from discharge under 11 U.S.C. § 523(a)(2)(A) because the debtor had not obtained money, property, services or credit from the judgment creditor within the meaning of the Code).

Finally, in *In re Schermer*, 388 B.R. 123, 125-26 (Bankr. E.D. Pa. 2008), under circumstances analogous to those in the instant case, the debtor-attorney filed his bankruptcy petition after an adverse award of attorney's fees in state court. In that action, the state court found that the attorney had "facilitated" fraud (but did not "conclude that [he] had engaged in

11

fraud") and had acted in ways which entitled his adversary to attorney's fees as a sanction under Pennsylvania law. Specifically, the state court determined that the debtor had commenced the suit in a manner that was "arbitrary, vexatious or in bad faith," in violation of 42 Pa. C.S. § 2503(9) and had engaged in "dilatory, obdurate or vexatious conduct" during the suit in violation of 42 Pa. C.S. § 2503(7). *In re Schermer*, 388 B.R. at 125-26.

In the bankruptcy case, the creditor filed an adversary complaint to except the fee award from discharge under 11 U.S.C. §§ 523(a)(2)(A), (4) or (6). On the debtor's Rule 12(b)(6) motion, the bankruptcy court dismissed the claims under §§ 523(a)(2)(A) and (4) because the creditor failed to show that the debtor had *obtained* money or property by fraud, finding in relevant part:

> While the Complaint alleges that Plaintiff incurred attorneys' fees and costs for which Defendant should be held liable, *it does not allege that Defendant obtained money, property, services, etc., as a result of false pretenses, false representations or actual fraud.* Moreover, the Complaint does not allege nor did [the state court] ever conclude in his opinions (which Plaintiff made a part of the Complaint) that Defendant engaged in false pretenses, made false representations or committed actual fraud.

*In re Schermer*, 388 B.R. at 128 (emphasis supplied). The court, however, preserved the plaintiff's claim for willful and malicious injury to the property of another under § 523(a)(6), as discussed in more detail below.

In the instant adversary proceeding, as in *Schermer*, Steinhardt has not shown (or even properly alleged) that the Debtor *obtained* money, property or services from Steinhardt as the result of any fraudulent conduct by the Debtor (whether characterized as false pretenses, a false representation or actual fraud). Instead, the substance of Steinhardt's allegation is that it was forced to incur attorney's fees as the result of Debtor's conduct in the 2011 Action, rather than based on any fraud by Debtor. Thus, because Steinhardt has not satisfied the threshold

12

requirement of § 523(a)(2)(A), Count 1 of the Complaint fails to state a claim upon which relief may be granted.

Further, Steinhardt has not pled fraud with particularity, and has not plausibly shown how the Debtor's conduct in the 2011 Action (which generated the $34,400 fee award) meets the five elements of common law fraud to except a debt from discharge under 11 U.S.C. § 523(a)(2)(A). Steinhardt's conclusory allegations in its First Count that simply recite the 523(a)(2)(A) statutory language, without describing the particulars of the alleged fraud or fraudulent statement, plainly fail to satisfy the pleading requirements of Fed. R. Bankr. P. 7009 as to that count. Accordingly, Steinhardt has failed to state a claim plausible on its face under 11 U.S.C. § 523(a)(2)(A), or to satisfy Rule 7009. Thus, Count 1 of the complaint is dismissed, with prejudice. *Twombly*, 550 U.S. at 570.

### D. The Complaint States a Claim Under 11 U.S.C. § 523(A)(6)

11 U.S.C. § 523(a)(6) excepts from a Chapter 7 discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Willfulness and malice are treated as distinct elements which must be proven separately. *In re Su*, 290 F.3d 1140, 1146 (5th Cir. 2002). The plaintiff must prove each element of its claim under § 523(a)(6) by preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 87-88 (1991).

Willful conduct is "'voluntary, intentional, or deliberate.'" *In re Reath*, 368 B.R. 415, 426 (Bankr. D.N.J. 2006). Proof of exception to discharge under § 523(a)(6) requires proof of intent to cause the injury and not merely intent to do the act which leads to the injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) "[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau*, 523 U.S. at 64.

Malicious conduct is "'wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will.'" *In re Ali*, 321 B.R. 685, 693 (Bankr. W.D. Pa. 2005), *quoting*

13

4 COLLIER ON BANKRUPTCY, [now at] ¶ 523.12[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) at pp. 523-92. The Ninth Circuit in *In re Su*, 290 F.3d 1140, 1146-47 (9th Cir. 2002), refined the definition of malice to the following:

> A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.

*In re Su*, 290 F.3d at 1146-47 (internal citations omitted).

Absent guidance from the Code and the Supreme Court in *Kawaauhau*, other courts have analyzed the nature of the intent necessary to sustain a claim under § 523(a)(6) and have adopted either a subjective or objective standard:

> Under the subjective approach, an injury is willful and malicious if the debtor caused harm through a deliberate action *with the belief that there was a* substantial certainty of injury. In contrast, under the objective approach, an injury is willful and malicious if the debtor caused harm through a deliberate action *with an objective* substantial certainty of injury.

*In re Peterson*, 332 B.R. 678, 682-83 (Bankr. D. Del. 2005) (emphases in original). The decision in *In re Conte*, 33 F.3d 303, 307 (3d Cir. 1994), which predated *Kawaauhau*, suggested a Third Circuit preference for the objective approach (the debtor's actions are "willful and malicious" "only if the actor purposefully inflicted the injury or acted with substantial certainty that the injury would result"). The Third Circuit has not re-evaluated the malice element of 11 U.S.C. § 523(a)(6) in a published opinion since *Kawaauhau*.

Courts regularly find that the conduct which generated an award of counsel fees for malicious prosecution or similar claims, such as frivolous litigation in a state court action, states a plausible claim for relief under 11 U.S.C. § 523(a)(6). The court in *In re Schermer*, 388 B.R. 123, 129 (Bankr. E.D. Pa. 2008), relying on *In re Conte*, 33 F.3d at 307, held that the state judge's findings concerning the debtor-attorney's vexatious conduct during litigation stated a basis for relief under § 523(a)(6) and survived the debtor's Rule 12(b)(6) motion. *Accord In re*

*Conner*, 302 B.R. 509, 515 (Bankr. W.D. Pa. 2003) (a prepetition award of attorney's fees under the Pennsylvania statute warranted summary judgment on a § 523(a)(6) complaint). *And see In re Wilson*, 116 F.3d 87, 89-90 (3d Cir. 1997) (any judgment which might flow from the creditor's civil complaint for malicious prosecution would meet the standards for exception to discharge under 11 U.S.C. § 523(a)(6)).

In the instant suit, Steinhardt moved on or about August 2, 2011 in New York Supreme Court to dismiss the 2011 Action for failure to state a claim and for counsel fees and costs under 22 N.Y.C.R.R. § 130-1.1 ("Costs; sanctions") "for commencing a frivolous action in order to harass [the restaurant]." [Dkt. 13, Exhibit 3, p.2]. 22 N.Y.C.R.R. § 130-1.1(a) allows the court to award counsel fees and costs as a sanction for frivolous conduct as defined in § 130-1.1(c) which states in full:

> (c) For purposes of this Part, conduct is frivolous if:
>
> (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
>
> (2) it is undertaken primarily to delay or prolong the resolution of the litigation, *or to harass or maliciously injure another*; or
>
> (3) it asserts material factual statements that are false.

22 N.Y.C.R.R. § 130-1.1(c) (emphasis added).

The New York Appellate Division held, as quoted earlier:

> We find that the complaint [the 2011 Action] *is without merit* and *apparently was undertaken to harass defendants* . . . . Accordingly, an award of attorneys' fees to Steinhardt is appropriate, and we remand the matter for a determination of the amount of fees incurred.

[Dkt. 4-1, Exhibit 2, June 26, 2013 App. Div. decision, pp. 2-3] (internal citation omitted; emphasis added). Further, Debtor admitted that he commenced the 2011 Action against Steinhardt and others only to obtain discovery, and "for no other reason." Under the standards

15

for willful and malicious conduct iterated in *Kawaauhau v. Geiger*, 523 U.S. at 61 and the other authorities cited above, including particularly *Schermer* and *Connor*, Debtor's conduct in prosecuting the 2011 Action, as found by the Appellate Division, gives rise to a plausible claim for relief under 11 U.S.C. § 523(a)(6) for willful and malicious injury to Steinhardt, and will not be dismissed under Fed. R. Civ. P. 12(b)(6) at the pleading stage.

By the instant motion, the Debtor also argues that because the trial court in the 2011 Action denied Steinhardt's motion to dismiss, there can be no finding of willful and malicious injury by this Court. The Appellate Division's summary reversal of that ruling, which included the determinations that the 2011 Action was "without merit" and "apparently" taken for the purpose of harassing the defendants in that action (which included Steinhardt), requires this Court to reject that argument, particularly on a motion to dismiss.

In a similar vein, the Debtor argues that the statement by the Appellate Division that the lower court Order is "unanimously reversed, on the law" means that the 2011 Action was incompletely litigated. [Dkt. 1, Exhibit 2, June 26, 2013 Decision, p.1; Dkt. 4-2, Auriemma Cert., ¶¶ 6-7, 10]. As stated above, the Appellate Division required no factual development to find Debtor's causes of action time-barred, insufficiently plead and/or inapplicable to the targeted defendant. Thus, the 2011 Action was fully litigated as a matter of law, without the need to resort to further fact finding. The fact that the Appellate Division's ruling was made as a matter of law does not detract from its full and final nature. Further, notwithstanding the Debtor's somewhat veiled attempts to do so, the determinations of the Appellate Division in the 2011 Action cannot be relitigated in this Court. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); 28 U.S.C. § 1738.

### E. Debtor's Equitable Argument

The Debtor also argues that the non-dischargeability claims against him should be dismissed as an equitable matter, without citing any specific authority. The Debtor cites only *Katchen v. Landy*, 382 U.S. 323 (1966) and *In re Hallahan*, 936 F.2d 1496 (7th Cir. 1991) for the general proposition that a bankruptcy court is a court of equity. While it is true that the bankruptcy court is one of equity, that does not allow this Court to overrule or disregard the plain statutory language and case law cited above regarding the potential non-dischargeability of Steinhardt's claim against the Debtor.

In the analogous circumstance of relief requested under § 105(a) of the Bankruptcy Code, our Supreme Court has made clear that this Court's equitable powers may not be used to contravene other express provisions of the Bankruptcy Code. *See e.g. Law v. Siegel*, ___ U.S. ___, 134 S. Ct. 1188, 1194-95 (2014) (bankruptcy court exceeded its authority under 11 U.S.C. § 105(a) when it allowed the Chapter 7 Trustee to surcharge his expenses against exempt assets as a sanction against the Debtor in contravention of 11 U.S.C. § 522(k)). Put simply, this Court cannot use its inherent or equitable powers to order relief that is inconsistent with (or prohibited by) other sections of the Code; here, § 523(a)(6). *Id*.

In sum, whether Mr. Bohn acted willfully and maliciously so as to render his debt to Steinhardt non-dischargeable is not a matter to be decided on equitable grounds or in a manner inconsistent or directly in conflict with the requirements of § 523(a)(6). That is particularly true on a motion to dismiss and where, as here, the Appellate Division determined that the 2011 Action was without merit, and plaintiff's well-pleaded allegations are to be taken as true. Steinhardt's § 523(a)(6) claim is a least plausible at this stage of the litigation and therefore cannot be defeated by an "equitable" argument that is unsupported by, or inconsistent with, statutory or case law.

**CONCLUSION**

For the reasons set forth above, the Court dismisses with prejudice Count 1 of the complaint (seeking to except the Debt from discharge under 11 U.S.C. § 523(a)(2)) and denies Debtor's motion to dismiss the complaint as to Count 2 (seeking to except the Debt from discharge under 11 U.S.C. § 523(a)(6), Count 3 (liquidating damages of $34,400) and Count 4 (misnumbered "5") (entering judgment in favor of Plaintiff for $34,400). By Order of even date, the Debtor is ordered to file an answer to the remaining Counts of the Complaint within fourteen (14) days of entry of that Order, and the parties are to submit a Joint Scheduling Order within twenty-one (21) days of entry of the implementing Order. If the parties cannot agree, each party shall submit a proposed Scheduling Order to the Court within twenty-one (21) days of entry of the implementing Order.

Dated: May 19, 2015

_____
VINCENT F. PAPALIA, U.S.B.J.